**PELTON v. NEVADA OIL CO.**

No. 14925.

Court of Civil Appeals of Texas.
Fort Worth.

March 5, 1948.

Rehearing Denied April 2, 1948.

Clark Craik, Burns & Weddell and Chester Clark, all of Fort Worth, for appellant.

Clay Cooke, of Fort Worth, and Ramey, Calhoun, Marsh, Brelsford & Sheehy and Gordon Brelsford, all of Tyler, for appellee.

HALL, Justice.

Appellant, sued the appellee corporation seeking to require it to issue to him certain certificates of stock. The appellee had refused and appellant prayed that the trial court issue its mandatory writ of injunction requiring the issuance of the certificates. Trial was to a jury and the court instructed a verdict against appellant.

Prior to 1937, W. C. Turnbow organized what was known as the Turnbow Petroleum Corporation, and sold numerous shares of stock. The facts show that Turnbow undertook to buy these shares from the owners.

In August, 1937, James H. Anderson, H. T. Cessna, and Hilda Houchens sent their respective shares of stock into the Turnbow Petroleum Corporation for cancellation and to receive a return of ten cents per share on them, which had been offered by the said Turnbow; when these shares reached the Turnbow office, the undisputed evidence reflects that A. C. Hale, appellant H. E. Pelton, and attorney, Clay Cooke, used these shares for the purpose of placing the Turnbow Petroleum Corporation into bankruptcy by filing a petition therein for the benefit of all of the stockholders in said Corporation. By sanction of the Federal Court, the appellee, Nevada Oil Company, was organized, to be used for the benefit of the stockholders of the W. C. Turnbow Petroleum Corporation, wherein in said decree the Nevada Oil Company was directed to issue one share of its own stock for each 100 shares of said Turnbow stock held by said

class, and under such order there was issued stock in the appellee, Nevada Oil Company, to the above three named stockholders of the old Turnbow Corporation. Later, A. C. Hale sold the same Turnbow shares of stock to appellant for about $90, who sent them in to receive certificates in the Nevada Oil Company.

■ The record is voluminous and after having considered the same we are of the opinion and find that the trial court did not err in instructing a verdict in favor of appellee for the reason that the record fully discloses that appellant knew, or by reasonable diligence should have known, that the people who were justly entitled to the new certificates were Anderson, Cessna and Houchens, instead of A. C. Hale, who kept the stock certificate in his possession after they were sent in to the Turnbow Company for cancellation.

■ We find the court erred in instructing a verdict against appellant by refusing to enjoin or order appellee to issue and transfer on its books a one-half share of stock in the Nevada Oil Company which appellant purchased from one J. M. Wilhite at a value of about $15. This one-half share of stock was admitted by appellee to have been issued to the said J. M. Wilhite, that it was a valid and subsisting stock certificate and nothing in the face of it to prevent the owner from transferring it to any person, even though the Company had passed the following by-law: "If the directors or officers of the corporation be of the opinion that any transfer of stock on the books of the corporation is sought in furtherance of any scheme to defraud, or that the power to so transfer same has been obtained by any fraudulent practice or overreaching, then the transfer of such stock may be refused, and such transferee shall not be recognized as a bona fide stockholder until the validity of such transfer is established in a court of competent jurisdiction and such transfer ordered"; such by-law is an unreasonable mode of regulating the transfer of shares of stock and the corporation cannot prohibit transfer of stock under the Uniform Stock Transfer Act, except as provided by Article 1358, sec. 7, Vernon's Ann.Civ.St., and under Article 1358, sec. 1, is set out the method by which a stock certificate shall be transferred.

This court held in the case of Snyder Motor Company v. Universal Credit Company, Tex.Civ.App., 199 S.W.2d 792, writ refused, no reversible error, that the main purpose of the Uniform Stock Transfer Act was to make certificates of corporate stock the sole representative of the shares which they represent; that such stocks are negotiable and that such transfer on the books of the company was no more than the recording of a deed to land.

Appellee failed to show that appellant was not entitled to have his one-half share of stock transferred on the books of the company under Article 1358, secs. 5 and 7. To this phase of the case we find the court should have granted a mandatory injunction ordering the appellee to transfer said one-half of stock on the books to the name of appellant; this part of the trial court's judgment is reversed and rendered in favor of appellee.

Affirmed in part and reversed and rendered in part.